# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN KELLEY, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**BROCK GROUP, INC. & BROCK INDUSTRIAL SERVICES, LLC,**<br><br>Defendants. | **CLASS & COLLECTIVE ACTION**<br><br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

## CLASS & COLLECTIVE ACTION COMPLAINT

1. Brock Group, Inc. and Brock Industrial Services, LLC (together, "Defendants" or "Brock") is a union contractor who employs thousands of laborers across the United States.

2. Plaintiff Kevin Kelley is a former employee of Brock. On behalf of himself and all others similarly situated, Plaintiff Kelley brings this class and collective action against Brock for underpayment of wages. Specifically, Plaintiff Kelley brings claims against Brock for violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*,[1] and for unjust enrichment.

---

[1] Plaintiff's Notice of Consent pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint.

## The Parties

3. Plaintiff Kevin Kelley is an individual domiciled in Missouri who was employed by and performed work for Brock in Illinois from approximately August 2022 to May 2023.

4. Brock Group, Inc. is a corporation, organized under the laws of Texas, with its principal office and headquarters at 10343 Sam Houston Park Drive, Suite 200 Houston, Texas 77064.

5. Brock Industrial Services, LLC is a limited liability company and subsidiary of Brock Group, Inc., organized under the laws of Texas, with its principal office at 10343 Sam Houston Park Drive, Suite 200 Houston, Texas 77064 and its headquarters at 2210 Oak Leaf Street, Joliet, Illinois 60436.

## Jurisdiction & Venue

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331.

8. The Court has federal jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as those that give rise to the federal claims.

## Facts Common to All Claims

10. Brock Group, Inc. and Brock Industrial Services, LLC are a common or joint enterprise or partnership that is collectively, jointly, and severally liable to Plaintiff and members of the FLSA Collective and Class described herein.

11. Brock is a union soft craft services contractor who conducts business throughout the United States, including throughout the State of Illinois.

12. Brock employs at least 13,000 employees nationwide to provide scaffolding, painting, insulation, shoring, lead and asbestos abatement, fireproofing, facilities maintenance, fabrication and electrical instrumentation and heat tracing services in support of capital projects, maintenance, and facility turnarounds.

13. Brock has provided contracting services for projects throughout Illinois, including projects located at Scott Airforce Base in O'Fallon, Illinois and Afton Chemical Corporation in Sauget, Illinois.

14. Brock employed Plaintiff Kelley as an environmental abatement laborer at the Scott Airforce Base and Afton Chemical projects from approximately August 2022 to May 2023.

15. Kelley's job duties included demolition work and the abatement of toxic materials.

16. Brock paid many of its employees, including Kelley, at agreed upon hourly rates. In the case of Kelley, the agreed rate was $35.80 base hourly rate, $53.70 overtime rate, and $71.60 premium rate.

17. But, unbeknownst to its employees, in issuing paychecks Brock engaged in a systematic scheme and practice of underpayment. This occurred in small amounts, which went undetected by employees but which amounted to millions of dollars to Defendants.

18. Brock's paystubs speak for themselves. For example, for the October 27, 2022 pay period, Kelley worked a total of 36 regular hours. At the agreed upon rate of $35.80, Kelley was entitled to a wage of $1,288.80. Rather than pay Kelley at the agreed upon rate, Brock trimmed Kelley's pay by a total of $38.80, which is a cut to his hourly rate of approximately $1.07. *See* **Exhibit 1** at p. 1 (Copies of paystubs that Brock provided to Kelley).

19. Similar reductions were made to Kelley's paystubs during the October 20, 2022 pay period, during which Kelley worked a total of 32 regular hours, 27 overtime hours, and 10 premium hours. Based on his agreed upon rates, Kelley was entitled to $1,145.60, $1,449.90, and $716, respectively. Instead, Brock only paid Kelley $1,068.80, $1,352.70, and $668, respectively.

20. Upon information and belief, Brock's underpayment and/or withholding of wages is not limited to Kelley but is widespread and repeated across Brock's employees.

21. There is no basis or justification for Brock's conduct. To the contrary, the facts herein demonstrate that Brock engaged in intentional, pervasive, and systematic theft of wages from thousands of employees over the course of several years. It did so in a manner intended to deceive employees and obscure the misconduct – taking small amounts that would go unnoticed – but which amassed in millions of dollars in gains for the company.

22. Plaintiff brings claims on behalf of himself and all others similarly situated for violations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and for unjust enrichment in the alternative.

**Class & Collective Action Allegations**

23. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

24. Plaintiff brings his claims under the IWPCA and IMWL on behalf of himself and the following class (the "Illinois Class") pursuant to Federal Rule of Civil Procedure 23:

> All past and present employees of Brock who performed work in the State of Illinois pursuant to an employment agreement with Brock and were subjected to unlawful deductions, underpayment, and untimely payments of their earned wages.

25. Plaintiff brings his claims under the FLSA on behalf of himself and the following "opt-in" collective members (the "FLSA Collective") pursuant to 29 U.S.C. § 216(b):

> All past and present employees of Brock who were subjected to an unreasonable delay in the prompt payment of their wages or who were not compensated for hours worked in excess of forty hours in a given workweek at one and one-half times their regular rate.

26. This action may properly be maintained on behalf of the Illinois Class under Fed. R. Civ. P. 23 and the FLSA Collective under 29 U.S.C. § 216(b).

27. <u>Numerosity</u>: The members of the Illinois Class and the FLSA Collective are so numerous that joinder is impracticable. On information and belief, the Illinois Class consists of at least 1,000 members. The FLSA Class consists of at least 10,000 members.

28. <u>Commonality and Predominance</u>: One or more common questions of law or fact are apt to drive resolution of the case and predominate over any questions affecting solely individual Illinois Class or FLSA Collective members.

29. The common questions with respect to the Illinois Class include but are not limited to:

   a. Whether Brock made unlawful deductions of Plaintiff's and the Illinois Class's wages in violation of Section 9 of the IWPCA;

   b. Whether Brock failed to pay Plaintiff and the Illinois Class all wages earned in accordance with the minimum semi-monthly schedule set forth in Section 3 of the IWPCA; and

   c. Whether Brock failed to compensate Plaintiff and the Illinois Class for hours worked in excess of forty hours in a given workweek in violation of the IMWL.

30. The common questions with respect to the FLSA Collective include but are not limited to:

    a. Whether Brock knowingly and willfully failed to promptly pay Plaintiff and the FLSA Collective earned wages; and

    b. Whether Brock knowingly and willfully failed to compensate Plaintiff and the FLSA Collective at one and one-half times their regular rate for hours worked in excess of forty hours in a given workweek.

31. <u>Typicality</u>: Plaintiff's claims are typical of the claims of other members of the Class and Collective members because they arise out of the same common course of conduct by Brock and are based on the same legal theories.

32. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of Class and Collective members. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and the Collective and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with the interests of the Class or Collective.

33. <u>Superiority</u>: Plaintiff and the Class and Collective members have suffered and will continue to suffer harm and damages due to Brock's unlawful conduct. Absent a class or collective action, however, most Class and Collective members are unlikely to be aware of Brock's conduct and would find the cost of litigating their claims prohibitive. Class and Collective treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class or collective action.

**Claims for Relief**

First Claim for Relief
(Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*)

34. The Illinois Wage Payment and Collections Act protects Illinois workers from the underpayment, unauthorized deductions, and untimely payment of earned wages.

35. The IWPCA "applies to all employers and employees in [Illinois],…excepting employees of the State or Federal government." 820 ILCS 115/1.

36. At all relevant times, Brock was an employer in Illinois within the meaning of the IWPCA. 820 ILCS 115/2.

37. At all relevant times, Plaintiff and the Illinois Class were Brock employees in Illinois within the meaning of the IWPCA and were not employees of the State or Federal government. 820 ILCS 115/2.

38. At all relevant times, Brock had valid and binding agreements with Plaintiff and the Illinois Class to pay wages for each hour they worked at agreed-upon hourly rates, including overtime at one-and-one-half (1 ½) times their hourly rates, and premium rates at double their hourly rates.

39. These agreed-upon rates are documented in pay stubs and direct deposit vouchers that Brock issued to Plaintiff and the Illinois Class. *See* Exhibit 1.

40. Section 3 of the IWPCA provides, "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3.

41. Section 4 of the IWPCA provides, "All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by am employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned. All wages paid on a daily basis shall be paid insofar as possible on the same day as the

wages were earned, or not later in any event than 24 hours after the day on which the wages were earned." 820 ILCS 115/4.

42. Section 5 of the IWPCA provides, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

43. Section 9 of the IWPCA provides that "deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) made by a municipality….; or (6) made by a housing authority…" 820 ILCS 115/9.

44. Brock violated the IWPCA and its agreements with Plaintiff and the Illinois Class by systematically deducting their wages for purposes other than those permitted in Section 9 of the IWPCA. 820 ILCS 115/9.

45. Brock further violated the IWPCA by failing to pay Plaintiff and the Illinois Class all wages earned in the time required under the IWPCA. 820 ILCS 115/3; 820 ILCS 115/4; 820 ILCS 115/5.

46. As a result of Brock's violations of the IWPCA, Plaintiff and the Illinois Class have and will continue to suffer loss of income and other damages.

47. Brock's violations of the IWPCA were knowing, willful, and with the intent to annoy, harass, oppress, hinder, delay, and defraud Plaintiff and the Illinois Class.

48. For Brock's violations of the IWPCA, Plaintiff and the Illinois Class seek all unpaid wages owed, liquidated damages, punitive damages, statutory interest, pre-judgment interest, costs and attorneys' fees, and all other appropriate relief under the IWPCA at an amount to be proven at trial.

<u>Second Claim for Relief</u>

(Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*)

49. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

50. At all relevant times, Brock was an "employer" within the meaning of the IMWL. 820 ILCS 105/3(c).

51. At all relevant times, Plaintiffs and the Illinois Class were "employee[s]" within the meaning of the IMWL. 820 ILCS 105/3(d).

52. Section 4a of the IMWL provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

53. Brock violated the IMWL by failing to compensate Plaintiff and the Illinois Class at one and one-half times their regular rate for hours worked in excess of forty hours in a given workweek. 820 ILCS 105/4a(1).

54. For Brock's violations of the IMWL, Plaintiff and the Illinois Class seek treble the amount of unpaid wages owed, liquidated damages, costs and attorneys' fees, and all other appropriate relief under the IMWL at an amount to be proven at trial.

<u>Third Claim for Relief</u>
(Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*)

55. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

56. At all relevant times, Brock was and continues to be an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203 & 207.

57. At all relevant times, Brock has and continues to employ "employee[s]," including Plaintiff and members of the FLSA Collective, who have and continue to be engaged in interstate commerce within the meaning of the FLSA. 29 U.S.C. §§ 203 & 207.

58. At all relevant times, Brock has had gross operating revenues in excess of five hundred thousand dollars ($500,000).

59. Under the FLSA, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

60. The FLSA also includes an implicit prompt payment requirement that prohibits an employer from unreasonably delaying payment of an employee's wages.

61. Brock violated the FLSA by failing to compensate Plaintiff and the FLSA Collective at one and one-half times their regular rate for hours worked in excess of forty hours in a given workweek. 29 U.S.C. § 207(a)(1).

62. Brock's consistent failure to compensate Plaintiff and the FLSA Collective according to their agreed-upon rates for both regular, overtime, and premium work also violate the FLSA's prompt payment requirement.

63. Brock's delayed payments resulted in an unreasonably long delay in the payment of wages and were not a result of a legitimate business reason.

64. Brock's violations of the FLSA were willful because Brock knew that its practices were prohibited by the FLSA or showed a conscious or reckless disregard of whether its practices were prohibited by the FLSA.

65. For Brock's violations of the FLSA, Plaintiff and the FLSA Collective seek all unpaid wages owed, liquidated damages, costs and attorneys' fees, and all other appropriate relief under the FLSA at an amount to be proven at trial.

Fourth Cause of Action – Pled in the Alternative
(Unjust Enrichment)

66. Plaintiffs have conferred a benefit on Brock by providing labor that resulted in earned profits for Brock.

67. Brock knew about and retained this benefit to Plaintiffs' detriment.

68. Brock's retention of the improperly withheld earned compensation and wages violates the fundamental principles of justice, equity, and good conscience.

69. Brock will be unjustly enriched if it is allowed to retain the improperly withheld earned compensation and wages.

70. This claim for unjust enrichment is pleaded in the alternative to Counts I-III.

**Prayer for Relief**

71. WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Certify the Illinois Class and appoint Plaintiff and Plaintiff's counsel to represent the class under Federal of Civil Procedure 23;

    b. Certify the FLSA Collective as a collective action under 29 U.S.C. § 216(b);

    c. Issue an Order allowing notice, or issue Court supervised notice, to all similarly-situated current and formerly hourly-paid, non-exempt Brock employees that provides notice of this action, the nature of this action, and their rights to opt-in to this action, and includes a statement that it is illegal for Brock to take any actions in retaliation of their consent to join this action;

    d. Find that Brock violated the Illinois Wage Payment and Collection Act;

    e. Fin that Brock violated the Illinois Minimum Wage Act;

    f. Find that Brock violated the Fair Labor Standards Act;

g. Find that Brock has been unjustly enriched by its practices of not paying earned compensation, wages, and/or final compensation in the event it does not find violations of the Illinois Wage Payment and Collections Act, the Illinois Minimum, and Collections Act or Fair Labor Standards Act;

h. Find that Brock must pay all earned compensation, wages, and/or final compensation with liquidated damages and interest, including statutory interest and prejudgment interest;

i. Award Plaintiffs punitive damages for Brock's willful and wanton conduct alleged herein;

j. Award attorneys' fees and costs pursuant to 820 ILCS 115/14(a) and 29 U.S.C. § 216(b); and

k. Grant such other relief the Court deems appropriate.

## Jury Demand

72. Plaintiffs hereby demand a jury trial as to all triable issues.

Dated: October 2, 2023

Respectfully Submitted,

*/s/   Jenny Paulson*
SIMMONS HANLY CONROY LLC
Jenny Paulson #6327426
1 Court Street, Alton IL 62002
Tel.: (618) 693-3104
jpaulson@simmonsfirm.com

*/s/ Alvin Paulson*
CHATHAM & BARICEVIC
Alvin Paulson #6193202
107 West Main Street
Belleville, Illinois 62220
PHONE: 618-233-2200
FAX: 618-233-1589
alvin@chathamlaw.org

***Attorneys for Plaintiffs***